UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PERSAUD PROPERTIES FL
INVESTMENTS, LLC,

    Plaintiff,

v.                                   Case No: 2:17-cv-227-FtM-99CM

THE TOWN OF FORT MYERS
BEACH,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on review of plaintiff's Complaint for Declaratory, Injunctive, and Monetary Relief (Doc. #2) filed on May 1, 2017, and defendant's Response to Order to Show Cause (Doc. #35). For the reasons set forth below, Count III is dismissed without prejudice and this cause is remanded to state court.

**I.**

This case was filed in state court by the owner of a beachfront restaurant and bar located on Fort Myers Beach against the Town of Fort Myers Beach (defendant or Town), challenging the Town's decision that alcohol may not be served on the beach. The Complaint alleges in pertinent part as follows:

Plaintiff Persaud Properties FL Investments, LLC (plaintiff or Persaud) is the current owner of the Sunset Beach Tropical Grill

(the Grill), located at 1028 Estero Blvd. (the Property), which extends to the waters of the Gulf of Mexico in Fort Myers Beach, Florida. (Doc. #2, ¶¶ 7-8.) The Grill was formerly known as the Top of the Mast.

In 1974, the owners of the Property received zoning approval to serve alcohol on the entire premises of the Property, including the beach to the waters of the Gulf of Mexico. (Doc. #2, ¶¶ 10-11.) In 1984, another entity purchased the Property, including the license with zoning approval to serve alcohol on the beach. (Id. at ¶ 12.) When the Town was created in 1995, it grandfathered zoning approval for all existing premises holding liquor licenses to continue serving alcohol, provided they maintain their state licenses. (Id. at ¶ 13.) The Town's Land Development Code indicates that zoning approval to serve alcohol on the Property runs with the land, and all rights and obligations granted previously transfer to new property owners upon sale. (Id. at ¶ 14.)

In or about 2012, the Town decided to regulate the sale of alcohol on the beach by making changes to the Town's Land Development Code, adopting Ordinance No. 12-03. (Doc. #2, ¶¶ 21-22.) Pursuant to Ordinance No. 12-03, those property owners holding prior state licenses and zoning approvals to serve alcohol on the beach were granted the opportunity to modify their operations to comply with the Town's new regulations or become a

grandfathered non-conforming use. (Id. at ¶ 23.) Top of the Mast chose to maintain its right to serve alcohol on the beach, which became a non-conforming use of the Property. (Id. at ¶ 24.)

Persuad purchased the Top of the Mast in July 2014, thereby purchasing the right to serve alcohol on the beach. (Doc. #2, ¶ 15, Exh. B.) On or about December 8, 2014, Persaud requested that the Town sign off on its liquor license application to the State. (Id. at ¶ 17, Exh. C.) The Town failed to respond and informed Persuad that it had lost the application. (Id. at ¶ 18.)

Pursuant to the Town's Land Development Code, non-conforming uses continue until there is an abandonment of the permitted location for a continuous period of nine months. Abandonment under the Town's Code means a failure to use a location for alcoholic consumption purposes as authorized by special exception, administrative approval, or other approval. (Doc. #2, ¶ 25.) Pursuant to the Town's Code, an establishment which continually maintains and renews its state liquor license, even though it has suspended active business with the public, shall not be deemed to have abandoned the use, and is not subject to having its special exception, administrative approval, or other approval removed. (Id. at ¶ 26.) Persuad has continuously maintained and renewed its state liquor license since it purchased the Top of the Mast in July 2014. (Id. at ¶ 27.)

On October 31, 2014, the Grill closed for renovations. (Doc. #2, ¶ 29.) The renovations were expected to take four months, but were delayed several months due to issues raised by the Town. (Id. at ¶ 31.) Because of the delays, the Grill did not reopen until October 2015. Throughout the renovations process, Persaud had several conversations with the Town regarding the right to serve alcohol on the beach and the Town assured Persaud that it would not lose its right to serve alcohol on the beach while the renovations were ongoing. (Id. at ¶ 35.)

On October 2, 2015, after renovations were complete, Persaud sent the Town a second letter requesting the Town issue Persaud the requisite zoning approval needed to reactivate its liquor license, and expressed its intent to "open and continue the business that has operated on this site for the last forty years." (Doc. #2, ¶ 36, Exh. D.) During an October 7, 2015 meeting, the Town's Mayor told Persaud that it was removing Persaud's non-conforming right to serve alcohol on the beach because Persaud had not reopened the Grill within nine months and had therefore abandoned its non-conforming use. (Id. at ¶ 38.) The Town informed Persaud that if it wanted to reopen the Grill and serve alcohol, it had to submit a state application that limited the sale of alcohol to the building and back deck only. (Id. at ¶ 40.) Without the Town's signature, Persaud would not have been able to reactivate its license and serve alcohol. Faced with this

prospect, Persaud succumbed to the Town's demands and submitted an application to the state that did not include sale of alcohol on the beach. (Id. at ¶ 41.) On or about October 22, 2015, the liquor license was reactivated. (Id. at ¶ 42.)

Plaintiff asserts that the Town did not follow any of the procedures set forth in Section 34-1264 of the Town's Code prior to revoking Persaud's right to serve alcohol on the beach. The Town's Code requires that prior to revoking an administrative approval, special exception, or other approval for the sale of alcoholic beverages, the Town Council shall conduct a public hearing at which the permit holder may appear and present evidence and testimony concerning the proposed revocation. This section also requires the Town provide the property owner adequate prior notice of the hearing. (Doc. #2, ¶¶ 43-44.) Instead, the Town determined that Persaud had abandoned its right to serve alcohol on the beach in direct contravention of its Code because the Town desired to eliminate the sale of alcohol on Town beaches. (Id. at ¶ 45.)

Persaud seeks a declaratory judgment under Florida law (Count I), and requests that the Court determine that the Town's actions constitute a taking without due process of law under both the Florida and United States Constitutions (Counts II and III respectively. Persaud also request that the Court determine that the Town has violated the substantive and procedural due process

rights of plaintiff under Article I, Section 9 of the Florida Constitution (Count IV). Plaintiff seeks injunctive relief to force the Town to issue zoning approval to serve alcohol on the beach (Count V), and states a claim for equitable estoppel (Count VI).

On May 1, 2017, this case was removed from the Circuit Court of the Twentieth Judicial Circuit in and for Lee County by defendant based upon federal-question jurisdiction. (Doc. #1.) Federal question jurisdiction is premised on Count III, which asserts an uncompensated taking pursuant to 42 U.S.C. § 1983.

On June 28, 2017, the Court entered an Order to Show Cause regarding subject-matter jurisdiction, citing <u>Williamson County Regional Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172, 195 (1985), which held that a federal constitutional takings claim under the Fifth Amendment is not ripe until the plaintiff has unsuccessfully pursued a compensation claim in state court proceedings. (Doc. #34.) In response, the Town states that it has waived any <u>Williamson</u> ripeness issue by removing this matter to federal court, citing cases from the Second and Fourth Circuits, and urging this Court to find the same. (Doc. #35, pp. 1-2.) Alternatively, the Town asserts Count III should be dismissed without prejudice and the case remanded to state court.

**II.**

The Takings Clause of the Fifth Amendment provides: "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. The Fifth Amendment applies to the States through the Fourteenth Amendment. See Palazzolo v. Rhode Island, 533 U.S. 606, 617 (2001). A taking may result from a "physical invasion" of the property or may follow a "regulatory imposition." Good v. United States, 189 F.3d 1355, 1360 (Fed. Cir. 1999) (citing Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1014-16 (1992)). In Williamson, the Supreme Court held that property owners who allege a takings claim under the Fifth Amendment must first seek just compensation through the procedures available under state law before bringing suit in federal court. See 473 U.S. at 194-95.

Under Count III, plaintiff alleges that the Town "failed to provide Persaud just compensation for giving up Persaud's grandfathered use and Persaud's constitutional right to be free from arbitrary and extortionate government actions." (Doc. #2, ¶ 76.) Such a Fifth Amendment just compensation claim is not ripe for judicial review, and the district court lacks subject-matter jurisdiction to consider it, until the plaintiff has unsuccessfully pursued a compensation claim in state court proceedings. Williamson, 472 U.S. at 195 (1985); Agripost, LLC

v. Miami-Dade Cnty., Fla., 525 F.3d 1049, 1052 (11th Cir. 2008). Plaintiff has not pursued such a state remedy.

The Town concedes that plaintiff has not yet availed itself of the available state court inverse condemnation process. The Town, however, requests that the Court follow the Second and Fourth Circuits and find that where a defendant removes a Fifth Amendment takings claim from state to federal court, the Town waives Williamson's state-litigation requirement.

The Court declines to follow such authority, and will follow the well-established precedent from the Eleventh Circuit. See Reahard v. Lee Cnty., 30 F.3d 1412, 1417 (11th Cir. 1994). The Eleventh Circuit has recognized that "several district courts outside this circuit are divided on whether a defendant's right to removal of a federal claim is separate from the issue of ripeness," Bauknight v. Monroe Cnty., Fla., 446 F.3d 1327, 1331 (11th Cir. 2006), but has not approved of the ability of a party to waive a jurisdictional prerequisite.

Because Count III is not ripe, it will be dismissed without prejudice. Because there is no other basis for federal jurisdiction, the remainder of the case will be remanded to state court. See Reahard, 30 F.3d at 1417-18.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Count III of the Complaint (Doc. #2) is dismissed without prejudice.

2. The Clerk is directed to **REMAND** the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Opinion and Order to the Clerk of that court.

3. The Clerk is directed to terminate all pending motions and previously scheduled deadlines and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this __26th__ day of October, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record